UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

OCTAVIO HUMBERTO GAMEZ,

    Defendants.
_____/

Case No. 11-20699

Honorable Nancy G. Edmunds

## ORDER AND OPINION DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)

This matter comes before the Court on Defendant Octavio Humberto Gamez's ("Defendant") motion for reduction of sentence brought pursuant to 18 U.S.C. § 3582(c) [502]. Being fully advised in the premises, having read the pleadings, and for the reasons stated below and in the government's response [504], Defendant's motion for reduction of sentence is DENIED.

I.   Background

On June 6, 2013, Defendant pleaded guilty to conspiracy to possess with intent to distribute and distribution of cocaine, marijuana, and heroin, based on violations of 21 U.S.C. § 841(a), 841(b)(1)(A), and 846. (Rule 11 Plea Agreement, Dkt. 246, at 1; PgID 1134.) Defendant's Rule 11 Plea Agreement reflected a sentencing guideline range of 292-365 months. In July 2014, this Court imposed a below guideline sentence, with a term of imprisonment of 180 months. (Judgment, Dkt. 410, at 2; PgID 2786.)

On February 5, 2018 Defendant filed the instant motion to reduce his sentence relying on Amendment 782 and pursuant to 18 U.S.C. § 3582(c). Effective as of November 1, 2014, Amendment 782 to the U.S. Sentencing Guidelines amended the Drug Quantity Table at U.S.S.G. § 2D1.1 by reducing the base offense level for most federal drug trafficking crimes by two levels. In November, 2015, the U.S. Sentencing Commission made Amendment 782 retroactive. U.S.S.G. § 1B1.10(c). Given that the Court calculated Defendant's base offense level according to the Drug Quantity Table prior to Amendment 782's effective date, Defendant believes he is eligible for a reduced sentence.

II. Applicable Law

18 U.S.C. § 3582(c)(2) establishes a two-step inquiry for evaluating a motion for a reduced sentence. *Dillon v. United States*, 560 U.S. 817, 826 (2010). First the Court must determine whether a reduction is consistent with the U.S.S.G. *Id.* Second, if the U.S.S.G. permits a reduction, "§3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

III. Analysis

A reduction is not consistent with the U.S. Sentencing Guidelines, even in light of Amendment 782. The sentencing guidelines in Defendant's plea agreement recommended 292-365 months. This recommendation was calculated with a base offense level of 38 for possessing more than 150 kilograms of cocaine (according to the old guidelines). The amended guidelines, under Amendment 782, require more than 450 kilograms of cocaine for the same base offense level of 38. Defendant, however, pleaded to possessing "in

excess of 1,700 kilograms of cocaine," well above both sets of guidelines. (Rule 11 Plea Agreement, Dkt. 246, at 2; PgID 1135.) Therefore, under the new or old measures, the base offense level of 38 remains the same, and there is no change in the recommended guideline range of 292-365 months, even under Amendment 782.

Furthermore, Defendant received a sentence well below the U.S. Sentencing Guideline range. This Sixth Circuit has found that "[r]ead together, [USSG] § 1B1.10(b) and § 3582(c)(2) do not permit a sentence [reduction] below the bottom of the amended Guidelines range." *United States v. Allen*, 614 F.3d 253, 257 (6th Cir. 2010) (citing *Dillon*, 560 U.S. at 826; *United States v. Washington*, 584 F.3d 693, 701 (6th Cir. 2009)). This Court lacks the authority to reduce Defendant's sentence, even if it were so inclined, which it is not.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 23, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2018, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager